IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RUSTY SOLA-FRATICELLI,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIVIL NO. 06-1951 (JAG) |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

On August 18, 2005, petitioner Rusty Solá-Fraticelli ("Solá-Fraticelli") was sentenced and the judgment was entered on October 7, 2005, for violation of Title 18, United States Code, Section 2252(a)(4)(b) for possession of child pornography. Petitioner was sentenced to a term of incarceration of fifteen (15) months and a term of supervised release which required defendant to register with the state sex offender's registration agency where the defendant resides, works or is a student, and to cooperate in the collection of DNA as directed by the Probation officer. (**Docket Nos. 64, 65**).

Petitioner Solá-Fraticelli filed a *pro-se* post-conviction relief under Title 42, United States Code, Section 2255, in relation to the judgment upon conviction after entering a guilty plea for his federal offense. Although petitioner complied with the requisite of a DNA sample upon release from incarceration and with the inclusion as a sex offender in the state registry which were included as conditions of supervised release, petitioner in his post-conviction motion opposed both of these conditions because the plea and cooperation agreement did not include

Rusty Sola-Fraticelli v. United States
Civil No. 06-1951 (JAG)
Report and Recommendation
Page No. 2

these requirements. Petitioner additionally submits ineffective assistance of counsel for failure to oppose the contested supervised release conditions. (**Docket No. 1**).

The government filed its response in opposition indicating both supervised release conditions contested by petitioner are mandatory conditions and statutory sentencing requirements which were not subject to plea negotiations and as to which petitioner cannot claim constitutional violations. Furthermore, the government submits petitioner's claims of ineffective assistance of counsel, for not challenging the supervised release conditions, lack merit because the Court was required by law to impose these special conditions and counsel had no grounds to oppose same. (**Docket No. 4**).

The above pleadings were referred by the Court to this Magistrate Judge for report and recommendation (**Docket Nos. 5, 6**)

## LEGAL DISCUSSION[1]

**A.    Mandatory Collection DNA.**

On December 19, 2000, Congress enacted the DNA Analysis Backlog Elimination Act of 2000 ("the DNA Act"). The DNA Act requires U.S. Probation Offices to collect a DNA sample from each individual on supervised release "who is, or has been, convicted of a qualifying federal offense." 42 U.S.C. § 14135a(a)(2). The DNA Act expressly indicates that

---

[1] Since petitioner has raised no other grounds for seeking post-conviction relief except for the terms of his supervised release, requiring DNA collection and registration in the sex offenders registry, the discussion is limited to these two (2) issues.

Rusty Sola-Fraticelli v. United States
Civil No. 06-1951 (JAG)
Report and Recommendation
Page No. 3

cooperation by qualifying individuals in the collection of the DNA sample is "a condition of that probation, parole, or supervised release." 42 U.S.C. § 14135c.

Additionally, simultaneously with passage of the DNA Act, Congress amended the supervised release statute, 18 U.S.C. § 3583, to state: "The court shall order, as an explicit condition of supervised release, that the defendant cooperate in the collection of a DNA sample from the defendant, if the collection of such a sample is authorized pursuant to the DNA [Act]." 18 U.S.C. § 3583. The DNA Act provides that, once a sample is taken, the Probation Office sends the sample to the FBI for entry into the Combined DNA Index System ("CODIS"), a national DNA database linking DNA evidence in a nationwide computer network. 42 U.S.C. § 14135a(b).

In addition to becoming eligible for revocation of their supervised release, individuals who fail to cooperate in the collection of a DNA sample may be found guilty of a Class A misdemeanor punishable by up to one year in custody and a fine of up to $100,000. 42 U.S.C. § 14135a(a)(5).

Petitioner Solá-Fraticelli, who was charged in Criminal No. 03-191 (JAG), was sentenced on October 7, 2005, well after the passage of the DNA Act for which no retroactive effect or *ex post-facto* argument may be raised. Still, even when so, in a case where defendant contested the supervised release conditions at issue, the court ruled that the "retrospective application of the DNA Act is not arbitrary and irrational, but is consistent with Congress's intent in passing the law- i.e., to include DNA samples from federal offenders in the CODIS data bank,

with all possible speed." *See* Reynard v. United States, 220 F.Supp. 2d 1142, 1157 (S.D. Cal. 2002). *See also* United States v. Reynard, 473 F.3d 1008 (9th Cir. 2007).

Similarly, no constitutional violation under Fourth Amendment grounds has been found when comparing DNA mandatory collection to a search and seizure. *See* United States v. Sczubelek, 402 F.3d 175 (3d Cir. 2005); *see also* United States v. Kraklio, 451 F.3d 922 (8th Cir. 2006).

**B. Sex Offenders' Registration Requirement.**

The Court of Appeals for the First Circuit has determined defendants are deemed to be on constructive notice for mandatory and standard conditions announced for the first time in a written judgment, and, therefore, have no right-to-be-present claim with respect to any such condition. *See* United States v. Vega-Ortiz, 425 F.3d 20, 22-23 (1st Cir. 2005) (constructive notice of mandatory conditions). *See also* United States v. Sepúlveda-Contreras, 466 F.3d 166, 170 (1st Cir. 2006) (no constructive notice when conditions are non-mandatory and are imposed for the first time at re-sentencing where defendant's presence was not sought).

Since the amendment of § 3583(d) and Guideline § 5D1.3(a)(4), these provisions have provided defendants, facing supervised release terms with constructive notice, that they will be required to undergo drug testing during their supervised release terms.[2] *See* United States v.

---

[2] Sentencing Guidelilne 5D1.3(7) specifically provides for defendants convicted of sexual offenses to register; Section 5D1.3(8) provides for DNA sample collection.

Paul, 274 F.3d 155, 172 (5th Cir. 2001)[3] (holding that the Guidelines give constructive notice of mandatory sex offender registration condition), *cert. denied,* 535 U.S. 1002, 122 S.Ct. 1571 (2002); United States v. Brown, 235 F.3d 2, 4 (1st Cir.2000) (similar; special condition). *See* United States v. Tulloch, 380 F.3d 8 (1st Cir. 2004).

At least two (2) other circuits have held that defendants have constructive notice of "special" conditions which become "recommended" when certain criteria are met. *See, e.g.,* United States v. Torres-Aguilar, 352 F.3d 934, 937 (5th Cir. 2003); United States v. Asunción-Pimental, 290 F.3d 91, 94 (2d Cir. 2002) (where specific factors necessary to make "special" conditions "recommended" are present, "these 'special' conditions are no different in practical terms from 'standard' conditions, that is, they are generally recommended").[4] *But see* United States v. Thomas, 299 F.3d 150, 155 (2d Cir.2002) (holding that conditions announced for the first time in a written judgment that "govern more than the basic administration" of supervised release violate a defendant's right to be present at sentencing).

Applying the above to this case, petitioner's post-conviction relief lacks merit --both on the grounds of ineffective assistance of counsel and because he did not agree in the plea of

---

[3] Paul argues the district court erred in not affording him pre-sentence notice before imposing the sex offender registration requirement as one of the conditions of his supervised release. However, even if this information had not been attached to the PSR, Paul nevertheless would have had notice of this condition. The Sentencing Guidelines state that such a provision is a *mandatory* condition of supervised release under 18 U.S.C. § 3583(a) for anyone convicted of a sexual offense. *See* U.S. Sentencing Guidelines Manual § 5D1.3 n. 1 (1998).

[4] The Sentencing Guidelines specify different categories of conditions for supervised release: (1) "mandatory" conditions, U.S.S.G. § 5D1.3 (a); (2) "standard" conditions, *id.* § 5D1.3(c); (3) "special" conditions, which become "recommended" if certain criteria are met and "may otherwise be appropriate in particular cases," *id.* § 5D1.3 (d); (4) "special" conditions that "may be appropriate on a case-by-case basis," *id.* § 5D1.3(e); and (5) other conditions that meet certain criteria, id. § 5D1.3(b).

guilty to the supervised release conditions-- because both challenged supervised release conditions are mandatory conditions and statutory sentencing requirements which were not subject to plea negotiations.

## CONCLUSION

In view of the foregoing, it is recommended to the Court that petitioner Solá-Fraticelli's post-conviction motion (**Docket No. 1**) be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, 14th day of September of 2007.

                                                s/CAMILLE L. VELEZ-RIVE
                                                CAMILLE L. VELEZ-RIVE
                                                UNITED STATES MAGISTRATE JUDGE